**Jennifer LONDON, Petitioner–Appellee,**

v.

**DOES 1–4, Respondent–Appellant.**

**No. 07–15164.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2008.

Filed May 22, 2008.

Damien Lillis, San Francisco, CA, for Petitioner–Appellee.

Henry M. Burgoyne, III, Esq., Karl S. Kronenberger, Esq., Kronenberger Burgoyne, LLP, San Francisco, CA, for Respondent–Appellant.

Before: HUG, SCHROEDER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Appellants Richard London and four John Does appeal the district court's denial of motions to quash a subpoena issued to Yahoo!, Inc. ("Yahoo!") to obtain information regarding five Yahoo! email accounts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

In 2005, Jennifer London, a United States citizen who was domiciled in St. Martin, began divorce and child custody proceedings against her husband, Richard London, also a United States citizen, in St. Martin, a French territory governed by French law. Jennifer sought a divorce from Richard based on adultery, a ground for a fault-based divorce. To establish the adultery, Jennifer introduced evidence in the divorce proceeding to suggest that Richard had used five pseudonymous Yahoo! email accounts to solicit sex on the Internet. Richard denied that the email accounts belonged to him and claimed that Jennifer had fabricated the evidence.

Thereafter, Jennifer filed an application in district court for an order to conduct discovery on the five Yahoo! email accounts under 28 U.S.C. § 1782 for use in her foreign divorce case. The district court granted the application and issued a subpoena to Yahoo! directing it to produce: (1) documents identifying the names, addresses, and telephone numbers provided by the users of the five email accounts; (2) documents describing the dates on which

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the five email accounts were created; (3) documents describing the Internet protocol address (IP) from which the five email accounts were created; (4) documents identifying Internet groups in which the account users participated; and (5) documents reflecting group board postings made by the account users. Jennifer served Yahoo! with the subpoena, and agreed to waive the right to documents listed in item five. Richard and the four Does moved to quash the subpoena, which the district court denied.

Appellants now argue that the district court erred in granting the discovery request under 28 U.S.C. § 1782 because Jennifer failed to satisfy the factors listed in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004) and granting the request violated their First Amendment right to anonymous speech. We review the decision to deny a motion to quash a civil subpoena for abuse of discretion. *Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 813 (9th Cir.2003).

Under 28 U.S.C. § 1782, a district court may order a person residing within its district to produce documents for use in a foreign legal proceeding, unless it would violate a legal privilege. In considering whether to grant such a request, a district court should weigh the factors set forth in *Intel,* being: (1) whether the "person from whom discovery is sought is a participant" in the foreign case; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Intel Corp.,* 542 U.S. at 264–66, 124 S.Ct. 2466.

■ Applying the *Intel* factors to the instant case, we conclude that the district court did not abuse its discretion in denying the motion to quash the subpoena. Discovery is sought from Yahoo! which is not a participant in the foreign divorce proceeding. Absent this discovery, the evidence sought may be unattainable by the French court while it is within the district court's jurisdiction and accessible in the United States. *See id.* at 264, 124 S.Ct. 2466. The proof sought, given the nature and character of the foreign case, is critical to establish adultery, secure the divorce, and defend against allegations of fabrication. Such evidence may be the only way to identify the user of the email accounts used to solicit adulterous sex. The request is not an attempt to avoid foreign evidence rules, and is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication. *See id.* at 265, 124 S.Ct. 2466. Given the need for the evidence, and the minimal invasion required, the *Intel* factors weigh in favor of granting the request. *See id.*

■ Appellants' contention that granting the § 1782 request violates their First Amendment right to anonymous speech is also without merit. Appellants cite no authority for the proposition that the First Amendment bars release of identifying data for email accounts used to solicit sex partners on the Internet. We have held that exposure of some identifying data does not violate the First Amendment. *See People of State of Cal. v. F.C.C.,* 75 F.3d 1350, 1362 (9th Cir.1996) (holding that order identifying phone numbers through a caller identification service did not violate the First Amendment right to speak anonymously). Thus, because a legal privilege was not implicated, the dis-

trict court properly denied the motions to quash the subpoena.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.